IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS RAY MORRISSEY, Individually and On Behalf of All Others Similarly Situated, § § § § | | |
| Plaintiff, § § | No. _____ | |
| v. § § | | |
| THE MOMENTA GROUP, LLC d/b/a MOMENTUM FITNESS SOLUTIONS and GRANT MOYER, § § § § § | JURY TRIAL DEMANDED | |
| Defendants. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Marcus Ray Morrissey (referred to as "Plaintiff" or "Morrissey") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants The Momenta Group, LLC d/b/a Momentum Fitness Solutions and Grant Moyer (collectively referred to as "Defendants" or "Momentum Fitness").  In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1. Morrissey's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and

general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Momentum Fitness violated the FLSA by employing Morrissey and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Momentum Fitness violated the FLSA by failing to maintain accurate time and pay records for Morrissey and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Morrissey brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8. Morrissey is an individual who resides in Harris County, Texas and who was employed by Momentum Fitness during the last three years.

9. The Momenta Group, LLC d/b/a Momentum Fitness Solutions is a Texas limited liability company that may be served with process by serving its registered agent, Grant Moyer, at 2723 San Marcos Lane, League City, Texas 77573.  Alternatively, if the registered agent of The Momenta Group, LLC d/b/a Momentum Fitness Solutions cannot with reasonable diligence be found at the company's registered office, The Momenta Group, LLC d/b/a Momentum Fitness Solutions may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Grant Moyer is an individual who may be served with process at at 2723 San Marcos Lane, League City, Texas 77573, or wherever he may be found.

11. Whenever it is alleged that Momentum Fitness committed any act or omission, it is meant that the Momentum Fitness' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Momentum Fitness or was done in the routine and normal course and scope of employment of Momentum Fitness' officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12. Momentum Fitness sells and installs fitness equipment; it does business in the territorial jurisdiction of this Court and in other states.

13. Momentum Fitness employed Morrissey as an installer from approximately August 2012 through the present.

14. During Morrissey's employment with Momentum Fitness, he was engaged in commerce or in the production of goods for commerce.

15. During Morrissey's employment with Momentum Fitness, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

16. Momentum Fitness paid Morrissey on an hourly basis.

17. During Morrissey's employment with Momentum Fitness, he regularly worked in excess of forty hours per week.

18. Momentum Fitness knew or reasonably should have known that Morrissey worked in excess of forty hours per week.

19. Momentum Fitness paid Morrissey for all hours worked at the same hourly rate regardless of the number of hours worked.

20. In other words, Momentum Fitness did not pay Morrissey overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

21. Momentum Fitness knew or reasonably should have known that Morrissey was not exempt from the overtime provisions of the FLSA.

22. Momentum Fitness failed to maintain accurate time and pay records for Morrissey and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

23. Momentum Fitness knew or showed a reckless disregard for whether its pay practices violated the FLSA.

24. Momentum Fitness is liable to Morrissey for his unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

25. All installers employed by Momentum Fitness are similarly situated to Morrissey because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Momentum Fitness pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

26. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

27. During Morrissey's employment with Momentum Fitness, he was a nonexempt employee.

28. As a nonexempt employee, Momentum Fitness was legally obligated to pay Morrissey "at a rate not less than one and one-half times the regular rate at which he

5

[was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

29. Momentum Fitness paid Morrissey for all hours worked at the same hourly rate regardless of the number of hours worked.

30. In other words, Momentum Fitness did not pay Morrissey overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week at one and one-half times his regular rate.

31. If Momentum Fitness classified Morrissey as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

32. Momentum Fitness knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, Momentum Fitness willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

33. Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

34. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

35. In addition to the pay violations of the FLSA described above, Momentum Fitness also failed to keep proper time records as required by the FLSA.

## VI.  Count Three—Collective Action Allegations

36.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

37.     On information and belief, other employees have been victimized by Momentum Fitness' violations of the FLSA identified above.

38.     These employees are similarly situated to Morrissey because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

39.     Momentum Fitness' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

40.     Since, on information and belief, Morrissey's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

41.     All employees of Momentum Fitness, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All installers employed by Momentum Fitness during the last three years.

42. Momentum Fitness is liable to Morrissey and other installers for the difference between what it actually paid them and what it was legally obligated to pay them.

43. Because Momentum Fitness knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Morrissey and the other installers their unpaid overtime wages for at least the last three years.

44. Momentum Fitness is liable to Morrissey and the other installers in an amount equal to their unpaid overtime wages as liquidated damages.

45. Momentum Fitness is liable to Morrissey and the other installers for their reasonable attorneys' fees and costs.

46. Momentum Fitness has retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VI.  Jury Demand

47. Morrissey demands a trial by jury.

## VI.  Prayer

48. Morrissey prays for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. Judgment awarding Morrissey and other installers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. Prejudgment interest at the applicable rate;

    d. Postjudgment interest at the applicable rate;

    e. All such other and further relief to which Morrissey and the other installers may show themselves to be justly entitled.

                              Respectfully Submitted,

                              MOORE & ASSOCIATES

                              By:  s/ Melissa Moore
                                  Melissa Moore
                                  State Bar No. 24013189
                                  Curt Hesse
                                  State Bar No. 24065414
                                  Lyric Center
                                  440 Louisiana Street, Suite 675
                                  Houston, Texas 77002
                                  Telephone: (713) 222-6775
                                  Facsimile: (713) 222-6739

                              **ATTORNEYS FOR PLAINTIFF**